UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

FILED

00 AUG 11 PM 4:03

K-BOB'S USA, Inc.,

    Plaintiffs,

v.

LEE CATTLE CO. GRILLE, f/k/a
K-BOB'S of Ruidoso, Inc., and
PAUL SILVERMAN,

    Defendants

No. CIV 00-879/RLP
JC

# REPLY IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS

In support of their Motion to Dismiss or, in the alternative, to Stay Proceedings, Defendants ("LCC") file this Reply.

## Introduction

K-Bob's response ignores the wide breadth of LCC's state action for declaratory relief and breach of contract, and, additionally, is inconsistent with the facts and law. K-Bob's cannot avoid application of the *Wilton* test and the *Colorado River* Doctrine by artful pleading and creative argument. K-Bob's misleads the Court when it claims that this action will not dispose of all claims between the parties in the pending state action. This is truly reactive litigation.[1]

K-Bob's claim that it had to file this Complaint only because "K-Bob's still had not been served with the state court complaint" is without merit. K-Bob's was free to enter its general appearance in the state action, and to file an answer and counterclaim. N.M. R. Civ. P. 4(A) states that "[a]ny defendant may waive the issuance or service of summons." In fact, a number

---

[1] K-Bob's filed its First Amended Complaint on July 27, 2000, which relates back. Fed. R. Civ. P. 15(c). LCC submits its Motion to Dismiss or Stay in response to K-Bob's First Amended Complaint. Additionally, as K-Bob's Amended Complaint



of New Mexico decisions have held that a general appearance satisfies service of process and also waives any defect in process. *Guthrie v. Threlkeld Co.*, 52 N.M. 93, 192 P.2d 307 (1948); *Crowell v. Kopp*, 26 N.M. 146, 189 P. 652 (1919); *Dailey v. Foster*, 17 N.M. 377, 128 P. 71 (1912); *The Boulder Sanatorium v. Vanston*, 14 N.M. 436, 94 P. 945 (1908).

I.  **Supplemental Procedural History.**

As was feared, K-Bob's recent conduct has made clear that this action is duplicative of the earlier filed and pending state action. In both this action and the state action, the parties are simultaneously litigating the non-compete provision in the franchise agreement, the arbitration provision in the franchise agreement, and their rights and obligations under the franchise agreement.

Since LCC's Motion to Dismiss was served, LCC's motion for summary judgment in the state action on the issue of whether it is currently in violation of the franchise agreement's non-compete provision has been fully briefed and awaits decision. K-Bob's Response in Opposition to Motion for Summary Judgment, Exhibit 2; Aff. of E. Tinsley, Exhibit 3; LCC's Reply in Support, Exhibit 4. Nonetheless, on August 7, 2000, K-Bob's filed a Motion for Preliminary Injunction, Brief in Support of Motion for Preliminary Injunction, and Affidavit, seeking an order, among other things, that LCC refrain from selling steak as a "primary menu item," in alleged violation of the non-compete provision. K-Bob's simultaneously filed a motion to dismiss or stay LCC's claims in the state action and order arbitration, pursuant to an arbitration clause in the franchise agreement. Motion to Dismiss, Exhibit 5; Memorandum in Support, Exhibit 6. In this federal action, K-Bob's seeks to obtain damages through arbitration as

---

added additional jurisdictional allegations. LCC withdraws Parts IV, V and VI in its supporting memorandum concerning jurisdictional deficiencies.

[2] LCC's motion for summary judgment assumes for its purposes that the franchise agreement and its terms are valid and enforceable. However, LCC believes that the franchise agreement and its terms are in fact not valid and are not enforceable. Exhibit 7 to Aff. of P. Silverman, dated July 6, 2000.

compensation for LCC's alleged breach of the franchise agreement and unfair competition. Federal First Amended Complaint, ¶ 13. The duplication is clear.

## II. K-Bob's Claim is in Substance a Declaratory Judgment Action.

K-Bob's cannot evade the application of *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) by artful pleading. K-Bob's claim is, under notice pleading and applicable law, effectively a declaratory judgment action. A careful reading of K-Bob's Complaint and its litigation tactics makes this clear.

K-Bob's argues that *Wilton* sets forth a two-part test requiring (1) that its claim have been brought pursuant to the Declaratory Judgment Act, and (2) a finding that this action is a duplicative proceeding. This is misleading. A close reading of *Wilton* reveals that the Supreme Court merely held that *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 62 S.Ct. 1173 (1942) governed the subject declaratory judgment action and the district court's decision to hear that case should be reviewed for abuse of discretion. *Wilton*, 515 U.S. at 289 – 90, 62 S.Ct. at 2144. Neither *Brillhart* nor *Wilton* prohibits this Court from determining whether K-Bob's action seeks a declaration of the Parties' rights. In fact, neither decision requires that this Court determine, as a preliminary matter, that this case is duplicative.[4] *Wilton* contemplates that the *Brillhart* test applies where there exists no duplicative state court proceeding. The Supreme Court stated, "[w]e do not attempt at this time to delineate the outer boundaries of that discretion in other cases, for example, cases raising issues of federal law or cases in which there are no parallel state proceedings." *Id.* at 290.

K-Bob's seeks to evade the discretionary *Wilton* test by claiming that in this action it (1) seeks only injunctive relief, and (2) reserves all other issues for arbitration. K-Bob's ignores notice pleading and its own statements. 28 U.S.C. § 2201 (a) provides that:

3

> any court of the United States, <u>upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration,</u> whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree . . . . (emphasis added)

Fed. R. Civ. P. 8(a) only requires notice pleading that sets forth the grounds upon which the court's subject matter jurisdiction depends, a claim for relief, and demand for judgment. Subject matter jurisdiction does not need to be stated where jurisdiction already exists and the claim does not require new grounds for jurisdiction. *Id.* The Supreme Court has stated that "the operation of the Declaratory Judgment Act is procedural only." *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-672, 70 S.Ct. 876, 879 (1950). In this case, K-Bob's has already pled all of the federal question jurisdiction and supplemental jurisdiction necessary to bring a declaratory judgment action. First Amended Complaint, ¶ 1.

A court may properly look to the real effect and underlying meaning of a pleading. For example, courts realign parties to determine whether a federal declaratory judgment action seeks, in effect, to establish a defense against a claim that the defendant can prosecute in state court. *Public Service Comm'n v. Wycoff Co.*, 344 U.S. 237, 73 S.Ct. 236 (1952). By analogy, LCC asks that this Court review the real effect of K-Bob's Complaint. The real effect of this federal action is that K-Bob's seeks to establish a defense against the claims that LCC is prosecuting in state court.

K-Bob's is effectively seeking a declaratory judgment without citing the Declaratory Judgment Act. K-Bob's claims are not limited only to injunctive relief. K-Bob's seeks a declaration of the rights of the parties that will have the force and effect of a final judgment as allowed by 12 U.S.C. § 2201(a) by way of the Federal Arbitration Act, 9 U.S.C. § 1 et seq. and

---

[3] As argued elsewhere, LCC is convinced that the two actions here *are* duplicative.

4

by way of its motion for preliminary injunctive relief.[5] K-Bob's itself claims that "[t]he conduct complained of herein entitles K-Bob's to injunctive relief, and <u>to monetary damages available under the common law</u> . . . ." First Amended Complaint, ¶ 13. Interestingly, K-Bob's seems to have tacitly admitted that this federal action is duplicative of the pending state action in its recent motion to compel arbitration of the state declaratory judgment action. If an arbitration is held, and an award made, concerning LCC's state declaratory and breach of contract claims, K-Bob's will presumably seek confirmation of that award as a final judgment. If K-Bob's claims that it will seek confirmation of any arbitration award in the state action but not this action, such a position would seem to confirm that K-Bob's artfully pled this action to avoid dismissal pursuant to the *Wilton* test. This federal action is a declaratory action.

On August 7, 2000, K-Bob's filed its motion for preliminary injunction with this Court. The motion for preliminary injunction will require declaring the rights and legal relations of the parties with the force and effect of a final judgment. K-Bob's itself admits "in *every* case in which a court rules upon an application for preliminary or permanent injunction, the court will have to make legal rulings that <u>affect the rights of the parties</u>." Response to Motion to Stay, at 3 (emphasis added). To rule on K-Bob's request for injunction, the Court must first determine whether the franchise agreement is valid and enforceable, whether LCC infringed on K-Bob's trademarks, whether K-Bob's has a trade dress and whether it was infringed upon, whether K-Bob's created proprietary information and whether it was misappropriated, whether LCC is engaging in unfair competition, and whether LCC is selling steak as a primary menu item. A

---

[4] LCC notes that two of K-Bob's cases were reversed. See *Lawrence County v. South Dakota*, 668 F.2d 27 (8th Cir. 1982), *rev'd* 469 U.S. 256, 105 S.Ct. 695 (1985); *Doe v. Attorney General*, 941 F.2d 780 (9th Cir. 1991), *rev'd and remanded* 62 F.3d 1424 (1995). In *Dillard v. Merrill Lynch, et. al.*, 961 F.2d 1148 (5th Cir. 1992), the district court refused to consider the plaintiff's motion to declare the rights of the parties because he did pray for a declaratory judgment. In this case, LCC asks this court to dismiss or stay the proceedings because, *in effect*, K-Bob's seeks declaratory relief.

determination of these issues in this court will presumably have claim and issue preclusion effect in the pending state action, in which LCC seeks a declaration of the rights and obligations of the parties.

LCC does not contend that every case seeking injunctive relief or summary judgment is *per se* a declaratory judgment action, as K-Bob's suggests. LCC does ask that this Court see K-Bob's Complaint for what it is, effectively a declaratory judgment action, and that a *Wilton* analysis is applicable.

LCC submits that application of *Wilton v. Seven Falls Co., supra*, is proper here.

### III. The *Colorado River* Doctrine's Balancing Test Favors Dismissal or Stay.

LCC submits that this Court should properly exercise its discretion under *Colorado River*. The balancing test set out in that case warrants a dismissal or stay of K-Bob's action.

K-Bob's did not distinguish or discuss a single one of the cases cited by LCC in which the district court abstained from determining an action pursuant to the *Colorado River* Doctrine. Nor has K-Bob's cited one case in which a district court did not abstain from exercising its jurisdiction.

K-Bob's also attempts to blur the holding of *Colorado River* that this Court may properly dismiss a case based on considerations of wise judicial administration. *Colorado River* held as a preliminary matter that the district court's dismissal of a concurrent, parallel federal court proceeding based on the doctrine of abstention "in any of its forms" was error. *Colorado River*, 424 U.S. 800, 813, 96 S.Ct. 1236, 1244 (1976). The Supreme Court stated that the doctrine of abstention was proper in (1) cases presenting federal constitutional issues that might be mooted or determined differently by a state court; (2) when there exist difficult questions of state law of substantial public importance; and, (3) when federal jurisdiction has been invoked for the

purpose of restraining state criminal proceedings. 424 U.S. at 813 -- 817 (citations omitted). Importantly, however, the Supreme Court also held that this Court could dismiss or stay this case based on wise judicial administration, and LCC submits that such circumstances are present here.

The *Colorado River* Doctrine gives this Court discretion to dismiss or stay these proceedings based on traditional principles of wise judicial administration giving regard to conservation of resources and comprehensive disposition of litigation. *Colorado River*, 424 U.S. at 817 – 818, 96 S.Ct. at 1246 (citations omitted). LCC submits that those principles are directly applicable to the case at hand. A more recent Supreme Court decision on *Colorado River* states:

> We found that the dismissal could not be supported under the doctrine of abstention in any of its forms, but that it was justified as an application of <u>traditional principles of wise judicial administration, giving regard to conservation of judicial resources</u> and comprehensive disposition of litigation. We stated that, although the federal courts had a virtually unflagging obligation to exercise the jurisdiction given them, there were certain very limited circumstances outside the abstention context in which dismissal was warranted in deference to a concurrent state-court suit. (emphasis added)

*Arizona v. San Carlos Apache Tribe of Arizona*, 436 U.S. 545, 551 – 552, 103 S.Ct. 3201, 3206 (1983).

In addition to the points made in its initial supporting memorandum, LCC notes the following:

### A.    Parallel Proceedings.

K-Bob's First Amended Complaint is a subsequently filed proceeding that is parallel to the state court action. It involves substantially the same parties. Both lawsuits involve Lee Cattle Co. Grille, Inc., Paul Silverman and K-Bob's USA, Inc.[6] It involves substantially the same issues. K-Bob's suggestions to the contrary are faulty. In *Arizona v. San Carlos Apache Tribe of Arizona*, the Supreme Court stated:

---

[5] As recited in the state court action, "some or all of the franchise agreement, or rights and obligations thereunder" may have been assigned to one or more other K-Bob's entities, and the other K-Bob's defendants "may therefore claim rights under the franchise agreement..." State Complaint for Declaratory Judgment, ¶ 4.

7

> More important, all of these arguments founder on one crucial fact: If the state proceedings have jurisdiction over the Indian water rights at issue here, as appears to be the case, then concurrent federal proceedings are likely to be duplicative and wasteful, generating additional litigation through permitting inconsistent dispositions of property. Moreover, since a judgment by either court would ordinarily be res judicata in the other, the existence of such concurrent proceedings creates the serious potential for spawning an unseemly and destructive race to see which forum can resolve the same issues first – a race contrary to the entire spirit of the McCarran amendment and prejudicial, to say the least, to the possibility of reasoned decisionmaking in either forum.

The concurrent federal proceedings initiated by K-Bob's here are duplicative and are likely to be wasteful. This is particularly true in light of the fact that both forums have been asked to determine whether LCC has violated the non-competition clause in the same franchise agreement, and both courts have been asked to determine "rights and obligations" of the parties.

A very real problem of this duplicative litigation is the effect of res judicata. Judgment by either court will almost certainly have claim and issue preclusion effect in the other. *See Shaoul v. Goodyear*, 815 P.2d 953, 955 (Colo. Ct. App. 1990 (citing Restatement (Second) Judgments § 25 comment e, illustration 10 (1982)).[7]

This action and the state action are the same causes of action. The Tenth Circuit has defined what this means:

> The third element requires that the suits be based on the same cause of action. This circuit embraces the traditional approach to the definition of "cause of action." Under this approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction[s], event[s] or occurrence[s]. All claims arising out of the transaction[s] must therefore be presented in one suit or barred from the subsequent litigation.

---

[6] The Restatement (Second) Judgments § 25, comment e states: State and federal theories or grounds. A given claim may find support in theories or grounds arising from both state and federal law. When the plaintiff brings an action on the claim in a court, either state or federal, in which there is no jurisdictional obstacle to his advancing both theories or grounds, but he presents only one of them, and judgment is entered with respect to it, he may not maintain a second action in which he tenders the other theory or ground. If however, the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground (or, having jurisdiction, would clearly have declined to exercise it as a matter of discretion), then a second action in a competent court presenting the omitted theory or ground should be held not precluded.

8

*Nwosun v. General Mills Rest. Inc.*, 124 F.2d 1255, 1257 (10th Cir. 1997)(citations omitted). K-Bob's claim in this action arises from transactions, events and occurrences that are also the subject of the state action.

K-Bob's reserves its right to arbitrate in this action and moved to dismiss or stay the state court proceedings pending arbitration. First Amended Federal Complaint, ¶ 13; Motion to Dismiss and Memorandum in Support, Exhibits 5 & 6. LCC questions the enforceability of the franchise agreement. The validity of the franchise agreement will have to be determined in both proceedings.

*The duplicative nature of the two lawsuits is expressly apparent based on K-Bob's most recent maneuverings.* K-Bob's has moved for a preliminary injunction in this court enjoining LCC from violating the non-compete provision of the franchise agreement concerning selling steak as a primary menu item. Motion for Preliminary Injunction filed August 7, 2000, ¶¶ 8M & D. LCC had earlier moved for summary judgment in the state action contending that it is not in violation of the non-compete agreement because it is not selling steak as a primary menu item. Exhibit 6 & 7 to Aff. of P. Silverman. LCC's state court motion is fully briefed and awaiting decision. After LCC asked the state court for a determination concerning violation of the non-compete provision, K-Bob's asked this federal court to make the very same determination. This is the essence of duplication.

K-Bob's federal motion for preliminary injunction necessarily raises the issue of the validity and enforceability of the franchise agreement. LCC's state action claims that the franchise agreement is invalid and unenforceable. Alternatively, LCC's state action prays for damages for breach of the franchise agreement. Exhibit 2 to Aff. of P. Silverman, ¶¶ A, B, C.

LCC respectfully submits that this Court should exercise its discretion to dismiss K-Bob's federal action, or alternatively, should stay this federal action until conclusion of the state action.

### B. Other factors

    a.    Jurisdiction over the property – Convenience to the Parties- Piecemeal Litigation.

*Colorado River* does not require that the Court have "in rem" or "quasi in rem" jurisdiction over property. However, the property which is the subject of K-Bob's motion for injunctive relief is located in Ruidoso, New Mexico, within the Twelfth Judicial District Court for the State of New Mexico. K-Bob's ignores the fact that the majority of the witnesses live in and around Ruidoso, New Mexico, which is several hundred miles from Albuquerque. All but one of LCC's owners live in Ruidoso, New Mexico. Although some meetings may have been held in Albuquerque, facts concerning those meetings can be addressed in Ruidoso, New Mexico. It would create more of a hardship on LCC's waitresses, cooks and other restaurant personnel to travel to Albuquerque, than to have K-Bob's owner travel to Ruidoso, New Mexico.[8] As shown above, the state court action will dispose of all claims, seeking as it does a declaration of all rights and obligations between the parties. The state court can determine common law claims for injunctive relief, and allegations concerning unfair competition, breach of contract and violation of a trade secrets act.

    b.    Jurisdiction – Reactive and Vexatious Litigation – Federal Law – State Court Forum – Impermissible Forum Shopping.

As a civil action is commenced by the filing of a complaint, the state court obtained jurisdiction first. N.M. R. Civ. P. 3; Fed. R. Civ. P. 3. The civil action is regarded as pending until its final adjudication. *Baldonado v. Navajo Freight Lines*, 90 N.M. 284, 562 P.2d 1138 (Ct.

---

[7] Mr. Tinsley states by affidavit filed with this Court that he travels to Ruidoso regularly, in any event.

App.), *rev'd on other grounds* 90 N.M. 264, 562 P.2d 497 (1977). The facts are plain that this federal action was filed by K-Bob's reactively. K-Bob's statement that this Court is "better equipped to decide the case" suggests forum shopping. State common law governs the validity of the franchise agreement and non-compete agreement, preliminary injunctive relief, unfair competition, breach of contract and violations of the trade secrets act, and a state court is well-suited to determining such claims. The state court has concurrent jurisdiction over the federal claims. This is not a patent case.

## Conclusion

In light of the above points and authorities, Defendants respectfully pray that their Motion to Dismiss or Stay be granted.

Respectfully submitted,

GUEBERT & YEOMANS, P.C.

By: _____
Richard D. Yeomans
Marcus E. Garcia
P.O. Box 93880
Albuquerque, NM  87199-3880
(505) 823-2300
Attorneys for Defendants

This is to certify that a copy of the foregoing
Reply in Support of Motion to Dismiss
or, in the Alternative, to Stay Proceedings was
mailed to:

R. E. Thompson, Esq.
Charles A. Armgardt, Esq.
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
P.O. Box 2168
Albuquerque, NM  87103-2168
(505) 848-1800
Attorneys for Plaintiff
this __11th__ day of August, 2000.

_____

A:\9:00P\federalpleadings\memorand doc\ars

THE EXHIBITS ATTACHED TO THIS PLEADING ARE TOO VOLUMINOUS TO SCAN. SAID EXHIBITS ARE ATTACHED TO THE ORIGINAL PLEADING IN THE CASE FILE WHICH IS LOCATED IN THE RECORDS DEPARTMENT, U.S. DISTRICT COURT CLERK'S OFFICE.